MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LAWRENCE A. GARVEY, ESQ.

                Plaintiff,

-Against-

TODD S. CUSHNER, ESQ. AND THE LAW
OFFICE OF TODD CUSHNER & ASSOCIATES,

                Defendants.
-----------------------------------------------------------X

Civil Case No. 19-05946 (NSR)

*Motion is denied without prejudice to refiling in the proper venue. Clerk of the Court requested to terminate the motion (doc. 9).*
*Dated: Dec. 2, 2019*
**SO ORDERED:**

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**PLAINTIFF LAWRENCE A. GARVEY, ESQ'S**
**MOTION FOR COSTS, EXPENSES AND ATTORNEY'S FEES**
**PURSUANT TO 28 U.S.C. § 1447(c)**

**PLEASE TAKE NOTICE** that Plaintiff Lawrence A. Garvey, Esq. by and through Lawrence A. Garvey & Associates, P.C., shall move this Court, before the Honorable Nelson S. Roman at the United States District Court, Southern District of New York, 300 Quarropas St, White Plains, NY 10601, on December 13, 2019 at 9:30 a.m., or a soon thereafter as counsel may be heard, for entry of an Order granting Plaintiff's Motion for Costs, Expenses and Attorney's Fees in the amount of $13,091.00 Pursuant to 28 U.S.C. § 1447(c), together with such other and further relief as this Court may seem just, proper and equitable.

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, to the Motion shall (i) be made in writing, (ii) conform to the Local Rules for the Southern District of New York, (iii) set forth the basis for the opposition and the specific grounds therefore, (iv) be filed with the Court with a copy to the chambers of the Honorable Roman S. Nelson, together with proof of service thereof, and (v) be served in a manner so as to be received by the Law Office of Lawrence A.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/2/2019

1

Garvey & Associates, P.C., 50 Main Street, Suite 390, White Plains, New York 10606, not later than 5:00pm on December 6, 2019.

## I. PRELIMINARY STATEMENT

Plaintiff Lawrence A. Garvey, Esq. ("Mr. Garvey") makes this motion seeking costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c) associated with Defendant Todd S. Cushner, Esq. ("Defendant Cushner") and Defendant Law Office of Todd Cushner & Associates, P.C.'s ("Defendant Cushner, P.C.") (collectively, "Defendants") improper removal to federal court and Mr. Garvey's subsequent success on a Motion to Remand the matter back to the Supreme Court of the State of New York, County of Rockland. Mr. Garvey makes this motion in federal court as a claim for attorney's fees is a collateral matter, and is therefore, subject to the District Court's jurisdiction. Mr. Garvey seeks costs and attorney's fees as a result of Defendants' frivolous attempt to remove Mr. Garvey's state law claims of breach of contract, breach of fiduciary duty and conversion to federal court. Such state law claims arose as a result of Defendants' failure to satisfy his responsibility of the debts and outstanding obligations of the parties' former law firm, Garvey Cushner & Associates, PLLC (the "GCA Firm"). The removal of Mr. Garvey's state law claims to federal court have subjected Mr. Garvey to undue burden and prejudice as Mr. Garvey's law practice, the Law Office of Lawrence A. Garvey & Associates, P.C. was forced to expend substantial time and effort to seek remand, defend against a motion to dismiss in federal court, and prepare all papers and conduct proceedings associated therewith. Additionally, Mr. Garvey has been prejudiced by Defendants' frivolous behavior as Mr. Garvey continues to suffer the burden of satisfying the GCA Firm's debts and obligations and was caused to spend over six (6) months in wasteful litigation in federal court only to have the case remanded back to state court, start all over, and take even longer for the Defendants to satisfy their open debts and

obligations. For the reasons set forth herein and in Mr. Garvey's Declaration in Support, Mr. Garvey seeks all necessary attorney's fees and costs as allowed under 28 U.S.C. § 1447(c).

## II. FACTUAL AND PROCEDURAL BACKGROUND

By way of background, an action was commenced by Mr. Garvey against the Defendants in the Supreme Court for the State of New York, County of Rockland, entitled, <u>Lawrence A. Garvey, Esq. v. Todd S. Cushner, Esq., and The Law Office of Todd Cushner & Associates, P.C</u>, bearing Index No. 033086/2019 (the "State Action"). This action arose as a result of Defendant Cushner's breach of contract and fiduciary duty to Mr. Garvey and their former law firm, the GCA Firm in failing to contribute to satisfying the financial obligations of the firm as previously agreed upon, and further, for conversion against the Defendants for retaining monies owed to the GCA Firm and using it for their own personal and professional purposes. A copy of Mr. Garvey's State Action Complaint is annexed hereto as **Exhibit "A"**.

After commencement of this action, Mr. Garvey obtained an Emergency Order to Show Cause seeking, *inter* alia, a preliminary injunction, restraining the Defendants from disbursing, hypothecating, distributing or transferring any monies awarded or to be awarded to Defendants that is ultimately owed to the GCA Firm or Mr. Garvey as reimbursement. The Emergency Order to Show Cause was granted in full and So Ordered by Honorable Rolf M. Thorson, A.J.S.C.

In an effort to attempt to deflect this Restraining Order, on or about June 26, 2019, Defendants filed a Notice of Removal with the United States District Court for the Southern District of New York and to subsequently transfer this matter to the Bankruptcy Court for the Southern District of New York, despite their being a lack of jurisdiction. A copy of the Notice of Removal is annexed hereto as **Exhibit "B"** (without exhibits). Subsequently, on or about July 26, 2019, Mr. Garvey filed a Motion to Remand pursuant to 28 USC §§ 1447(c), 1452(b),

3

1334(c)(1) and (2), seeking to remand this case to the Supreme Court of the State of New York, County of Rockland, or in the alternative, to abstain; and for an award of costs, expenses, and attorney's fees as a result of the removal, pursuant to 28 USC §§ 1447(c), for *inter alia,* Defendants' inability to establish subject matter jurisdiction. In or about August, 2019, Defendants filed a Motion to Dismiss the action pursuant to F. R. Civ. P. 12(b)(1)(3) and (6).

At a hearing held on the Motion to Remand and Motion to Dismiss, on September 30, 2019, before the Honorable Robert D. Drain, United States Bankruptcy Judge for the Southern District of New York, the Court granted Mr. Garvey's Motion to Remand on the basis that it is subject to mandatory remand for lack of subject matter jurisdiction. A copy of the transcript of the September 30, 2019 Hearing is annexed hereto as **Exhibit "C"** (R. 13:20-21). The Court notably opines in its bench Decision, that remand is proper for the following: "Clearly, this dispute, which is a state law contract and fiduciary duty dispute does not arise under Title 11. I also believe that it does not relate to a case under Title 11…" R. 14:5-7…Similarly, I do not believe that this dispute arises in the case under Title 11…[e]ven the origin of the dispute doesn't relate or arise in the bankruptcy case… R. 14: 24-25; 15:1-6.

In addition to the above, the Court offered further reasons why remand was appropriate in this matter beyond a lack of jurisdiction, specifically, "Given the broad nature of the bankruptcy jurisdiction, however, I believe that I should also state alternative grounds for my belief that the motion should be granted. And I believe it should be granted based not only on the lack of the court's jurisdiction, but also on mandatory abstention and discretionary remand and abstention grounds." R. 15:9-14. As such, Mr. Garvey's Motion to Remand was granted in its entirety, and the Court found that Defendants' Motion to Dismiss was denied as moot. The Court deferred to the State Court for a determination on the issue of attorney's fees. R. 17:5-19. Copies of the

Decision/Order for both motions are annexed hereto as **Exhibit "D"**. Mr. Garvey now moves, under 28 U.S.C.A. § 1447(c), for attorney's fees, costs, and expenses in the amount of $13,091.00 associated with Defendants removal to federal court and the subsequent successful remand as such an award for collateral relief rests with the District Court. Mr. Garvey incorporates all allegations set forth in his Declaration in Support as if fully alleged herein.

### III. ARGUMENT

#### Plaintiff is Entitled to an Award of Attorney's Fees and Costs

Section 1447(c) of Title 28 authorizes an award of attorney's fees and costs to the Plaintiff upon a successful remand incurred as a result of the removal. See 28 U.S.C.A. § 1447(c). A case need not be removed improperly or in bad faith for costs to be appropriate. See Morgan Guar. Trust Co. of N.Y. v. Republic of Palau, 971 F.2d 917, 923 (2d Cir.1992). Instead, on such a request, the court must consider the "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Id.* at 924. A district court will maintain jurisdiction on a motion concerning an award of attorney's fees and costs subsequent to the certification of a remand of a § 1447(c) removal. Bryant v. Britt, 420 F.3d 161 (2d Cir. 2005). See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990) ("[D]istrict courts may award costs after an action is dismissed for want of jurisdiction. . . . [E]ven years after the entry of a judgment on the merits a federal court could consider an award of counsel fees."

Courts have repeatedly held that attorney's fees are warranted under 28 U.S.C. §1447(c) when the claims are based solely on state law and have no objectively reasonable basis for removal. Kahlon v. Yitzhak, 270 F. Supp. 3d 583 (E.D.N.Y. 2017); see also, Children's Village v. Greenburgh Eleven Teachers' Union Fed. of Teachers, Local 1532, 867 F.Supp. 245, 248

(S.D.N.Y.1994). In the case of Kahlon v. Yitzhak, 270 F. Supp. 3d 583 (E.D.N.Y. 2017), the Court found that state law claims concerning breach of contract, breach of fiduciary duty, legal malpractice and unjust enrichment cannot form an objective reasonable basis for removal and therefore attorney's fees are warranted. Similarly, in Schepis v. Local Union No. 17, United Bhd. of Carpenters & Joiners, 989 F. Supp. 511 (S.D.N.Y. 1998), the Court found it "crystal clear" that the claims were predicated on state law, and therefore, remand was necessary and attorney's fees should follow.

Here, the Defendants sought to have the case removed to federal court, despite the fact that each of Mr. Garvey's causes of action were wholly based upon state law claims that would not have been preempted by federal law. Specifically, Mr. Garvey brought an action in state court for breach of contract, breach of fiduciary duty, and conversion as a result of, *inter alia,* Defendant Cushner's failure and refusal to satisfy outstanding financial obligations of the GCA Firm as promised under agreement, and by virtue of his fiduciary duty to both the GCA Firm, and his former partner, Mr. Garvey. Mr. Garvey has likewise been forced to uphold Defendant Cushner's financial burden contrary to the party's agreement and Defendant Cushner's duty. Instead of fulfilling these obligations, the Defendants converted and used such monies for their own personal and professional purposes. As similar to the above referenced matters, Mr. Garvey's action includes claims only predicated on state law, thus removal was improper and an award of costs and attorney's fees should be granted.

Moreover, as set forth in Mr. Garvey's Motion to Remand, Defendants had no legitimate argument to support the assertion that removal is proper. Defendants unilaterally chose to file a Notice of Removal without providing any substantive basis for such removal other than blanket statements alleging that Mr. Garvey's claims broadly involved bankruptcy matters. See

6

generally, Exhibit B. Even further, when pressed on Mr. Garvey's Motion to Remand, Defendants further failed to establish any objectively reasonable basis for the removal in their opposition other than maintaining the same unsupported and unverified statements as in the Notice of Removal and mischaracterizing the unequivocal allegations of the State Action complaint.

This began with Defendants' baseless claim that the State Court Action was a Core Proceeding under 28 U.S.C. §157(b)(2). In Defendants' Notice of Removal, they asserted that the State Court Action was a Core Proceeding by only claiming that Mr. Garvey's state law claims affect the "disposition of Property of the estate and the ability of Debtors to timely proceed in their attempts to reorganize under Chapter 11 and Chapter 13 of the Bankruptcy Code." See Exhibit A, ¶8. This is clearly contradicted by the plain language of Mr. Garvey's Complaint, where he repeatedly alleged that these breach of contract, breach of fiduciary duty and conversion claims arise as a result of Defendant Cushner's failure to pay and contribute to the firm's outstanding obligations.

Mr. Garvey's demands for relief have no correlation to any bankruptcy proceeding; they simply concern Defendant Cushner's actions after the fact, and why he failed to satisfy his debts and obligations as promised and required of him. The Court confirms this rational:

> "Here, it is quite clear to me that the claims at issue pertain to awards that would be made after those awards are made in the applications not to the making of the award in the first instance. Consequently, they have absolutely no effect on Mr. Cohen's bankruptcy estate or any of the estate of any of the debtors."

R. 14:11-16. Furthermore, in Defendants' Notice of Removal, Defendants allege that this Court has "related to: jurisdiction, "exclusive jurisdiction," and "original jurisdiction," yet fails to provide any set of facts that even remotely establish any form of jurisdiction. See Exhibit B,

7

¶¶8-13; see also R. 14: 24-25; 15:1-6. Even worse, when addressed by Mr. Garvey in his Motion to Remand, Defendants' opposition continued to avoid establishing their basis for any cause for removal, but did however, then untimely claim that the Court has "arising in" jurisdiction. Like with Mr. Garvey's Reply to the Motion, the Court agreed as follows:

> "Similarly, I do not believe that this dispute arises in the case under Title 11 since the dispute is not based on rights established in the bankruptcy case or one that takes place in...[E]ven the origin of the dispute doesn't relate or arise in the bankruptcy case, but rather pertains to the dissolution of the prior law firm."

R. 14:24-25; 15:1-8. Based on the foregoing, and pursuant to the Court's own determination, it is clear there is no factual or legal basis for Defendants' removal other than to cause Mr. Garvey undue burden and expense, confuse the issues before the Court, and cause a distraction to the Defendants wrongful actions.

In addition to Mr. Garvey's argument that the Defendants had no reasonable basis to remove the case to federal court, Mr. Garvey should be awarded costs and attorney's fees as he has been unfairly subjected to costly, burdensome, and time-consuming efforts to remand this case back to state court. The purpose of the attorney's fees and cost provision in 28 USC 1447(c), was designed to "deter improper removal" because "the simplicity of [the removal] procedure . . . exposes a [non-removing party] to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly." <u>Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc.,</u> 183 F.3d 105, 109 (2d Cir.1999). The consideration of the abuse, unnecessary expense, and harassment is necessary as an improper removal still causes a nonmoving party to appear in federal court, prepare motion papers and litigate all merely to get the action returned to the court where the plaintiff initially filed in. <u>Greenidge v. Mundo Shipping Corp.,</u> 60 F. Supp. 2d 10 (E.D.N.Y. 1999).

In Shamoun v. Peerless Imps., Inc., No. 03 CV 1227 (NG), 2003 U.S. Dist. LEXIS 13376 (E.D.N.Y. Aug. 1, 2003), the Court found that "The improper removal of this case has delayed a relatively simple state law breach of contract claim and added unnecessary litigation expenses. It would be unfair to require plaintiff to absorb the cost of litigating the remand motion."

Here, it is appropriate for the Court to require the Defendants to pay all necessary and reasonable costs and expenses incurred by Mr. Garvey as a result of the Defendants improper removal filing as Mr. Garvey has been subjected to extremely unnecessary expense and burden from Defendants frivolous filings, including having to prepare a motion for remand, a reply to the motion for remand, opposition to a Defendants' motion to dismiss, and appear at a hearing and give oral argument related to same.

Additionally, in consideration of the nature of Mr. Garvey's claims, and the urgent need that Defendants resolve their outstanding financial obligations of the GCA Firm, Mr. Garvey suffers from extreme prejudice as he is forced to maintain the burden, by default, of attempting to resolve the debts and obligations of the GCA Firm while enduring six (6) months of delay and wasteful litigation in federal court. Had the Defendants moved forward with the action in its proper forum in state court, they would have been closer to a resolution, or perhaps would have already resolved some of the issues complained of. However, due to Defendants frivolous conduct, Mr. Garvey is left to absorb the costs and unnecessary delay. As such, in consideration of Defendants' improper removal and wasteful litigation, Mr. Garvey's Motion for costs and attorney's fees in the amount of $13,091.00 should be granted.

## IV. CONCLUSION

**WHEREFORE**, based on the foregoing, the Plaintiff respectfully requests that the Court grant the Plaintiff's Motion for Costs and Attorney's Fees in its entirety; and such other and further relief as this Court deems just, necessary, and proper.

**Dated**: November 22, 2019
White Plains, New York

> Respectfully submitted,
>
> **LAW OFFICES OF LAWRENCE A. GARVEY & ASSOCIATES, P.C.**
>
> By: */s/ Lawrence A. Garvey*
> Lawrence A. Garvey, Esq.
> 235 Main Street, Suite 630
> White Plains, New York 10601
> Tele: 914-946-2200
> Facs: 914-946-1300
> lgarvey@laglawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by Notice of Electronic Filing on the United States Court for the Southern District of New York's Electronic Filing System.

To:  William R. Larkin, III, Esq.
Larkin Farrell, LLC
Attorneys for Defendants
1250 Broadway, 36th Floor
New York, NY 10001
(212) 888-5807

> */s/ Lawrence A. Garvey*
> Lawrence A. Garvey, Esq.